The Honorable John Paul Capps State Senator 914 James Street Searcy, AR 72143-3927
Dear Senator Capps:
I am writing in response to your request for an opinion on the following questions concerning a contract that the Beebe School District is interested in entering into involving the lease and possible sale of the District's broadband facilities to Sprint:[1]
 1. Can a school district in Arkansas lease such facilities for the length of time desired by Sprint?
 2. Should Sprint seek to exercise its right to purchase these facilities in the future if certain contingencies occur, can an Arkansas school district agree to such a future sale now, particularly in the absence of any competitive bid procedure?
RESPONSE
Before responding to these questions, I must note that I am neither authorized nor situated to opine regarding the advisability of the contract or to interpret its provisions. These matters require familiarity with all of the attendant circumstances and are appropriately referred to local counsel. Nor does this opinion address any question of federal law relating to leases of educational broadband service spectrum.[2] In sum, this opinion should not be read to comment upon the contract or its effect, beyond responding to the specific questions of state law that you have posed.
The answer to your first question is generally "yes," in my opinion, based on the absence of any state constitutional or statutory provision constraining the length of time for which a school district might lease its property. Similarly, with regard to your second question, there is no bidding requirement under state law constraining the district's disposition of its property. Accordingly, the absence of any competitive bid procedure is not a factor in evaluating Sprint's option to purchase under the agreement. I cannot speculate regarding any other possible basis for invalidating an agreement for the future sale of school property.
Question 1 — Can a school district in Arkansas lease suchfacilities for the length of time desired by Sprint?
A school district is statutorily authorized to lease its properties. A.C.A §§ 6-13-620(a)(3) and 6-20-402(b)(1)(D) (Supp. 2005). See also Ops. Att'y Gen. Nos. 2005-300, 93-338 and 90-155. Circumscribing this authority are the constitutional directive that "the State shall ever maintain a general, suitable and efficient system of free public schools," Ark. Const. art. 14, § 1, and the statutory directive that a school board "[do] all other things necessary and lawful for the conduct of efficient free public schools in the district." A.C.A. §6-13-620(a)(12). A school district's authority to lease school property therefore is not absolute. However, neither the constitution nor the Code contains any provision limiting the lease of school property to any particular number of years or other period of time. Accordingly, the answer to this question is generally "yes," in my opinion, based upon the absence of any discrete constitutional or statutory proscription in Arkansas law concerning the lease term.
Question 2 — Should Sprint seek to exercise its right topurchase these facilities in the future if certain contingenciesoccur, can an Arkansas school district agree to such a futuresale now, particularly in the absence of any competitive bidprocedure?
No bidding requirement applies under state law. Although school districts are required to obtain bids prior to making certain expenditures (see A.C.A. § 6-21-304 regarding purchases of commodities), they are not required to obtain bids for the sale or lease of property by the district to other parties. Cf. Ark. Op. Att'y Gen. 2003-349 (noting with regard to the disposition of an abandoned school building that no competitive bid requirement applies to the sale of real property by a school district). In my opinion, therefore, the absence of a competitive bid procedure does not bear on the question whether the district can grant Sprint the right to purchase the broadband facilities in the future.
In response to the question whether state law might otherwise constrain the district's agreement to a future sale of the facilities, I lack sufficient information to opine on the matter. Other than referencing the absence of competitive bidding and the fact that the option to purchase involves a "future sale," you have offered no specific surrounding facts and have suggested no basis upon which the option might be deemed unenforceable. I am not a finder of fact, and will not speculate in this opinion regarding the circumstances under which a school district might improperly contract for the future sale of school property. I can do no more than reiterate that the absence of bidding is not determinative. Nor, in my opinion, is the agreement to a "future sale" problematic in itself. Similar to a long-term lease, an option to purchase is an agreement generally falling within the district's authority to "contract and be contracted with. . . ." A.C.A. § 6-13-102(a) (Repl. 1999).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] According to the information you have provided, the Beebe School District holds licenses for a block of wireless spectrum available to educators known as the Educational Broadband Service (EBS). New Federal Communications Commission rules allow use of the spectrum for wireless broadband, and also allow leases of excess capacity to commercial operators. See47 C.F.R. §§ 1.9047 and 27.1214.
[2] As previously noted, such leases are authorized under federal law. But the arrangements must comply with the applicable federal requirements. See n. 1, supra. Questions in this regard are properly addressed to the Federal Communications Commission.